687 A.2d 802

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, PLAINTIFF,
v. THOMAS BRACERO A/K/A TOMAS BRACERO; IRENE
DONALDSON, DEFENDANTS.**

Superior Court of New Jersey
Chancery Division Union County
General Equity Part

Decided July 26, 1996.

*Jeffrey A. Grabowski,* for plaintiff (*Shapiro & Kreisman,* attorneys).

*Thomas Bracero,* a/k/a *Tomas Bracero; Irene Donaldson, & Mr. Donaldson,* pro se.

**BOYLE, P.J. CH.**

The issue we must decide is whether the notice letter of intent to submit proofs for a foreclosure judgment, sent to a debtor as required by the Fair Foreclosure Act, requires the debtor to respond to the lender, as opposed to the lender's attorney. This is a novel question of law regarding the most recent adaptation of the Fair Foreclosure Act, *N.J.S.A.* 2A:50–53 thru –68. The following facts are undisputed.

On February 17, 1995, defendants Thomas Bracero and Irene Donaldson executed a note and mortgage in the sum of $109,-250.00. The note and mortgage was executed in favor of First Valley, Inc. and later assigned to plaintiff, Federal National Mortgage Association. On or about September 1, 1995, an installment of principal and interest, insurance and taxes became due and payable on plaintiff's mortgage and was not paid. Therefore, plaintiff elected that the unpaid principal and interest shall now be due and filed this foreclosure action on February 26, 1996.

On or about May 15, 1996, plaintiff, through its attorney, mailed a letter to defendant herein, notifying defendant that plaintiff intended to submit the proper proofs for the entry of final judgment. The letter requested any response be mailed within 10 days to the address of plaintiff's attorney at Shapiro & Kreisman, 457 Haddonfield Road, Suite 420, Cherry Hill, New Jersey 08002.

When no response from defendant was forthcoming, plaintiff attempted to apply for final judgment of foreclosure on or about May 31, 1996. As part of the moving papers, plaintiff supplied to the Foreclosure Unit in Trenton, New Jersey a Certification of Mailing of Notice of Intent to Enter Final Judgment, attached to which was a copy of the May 15, 1996 letter. On June 21, 1996, the Foreclosure Unit in Trenton, New Jersey returned plaintiff's final judgment paper, stating that the papers failed to comply with the Fair Foreclosure Act. Pursuant to counsel's conversation with Mr. Jim Colasurdo, the Director of the Foreclosure Unit in Trenton, New Jersey, counsel was told that the May 15, 1996 letter did not comply because it directed a response to the wrong

address. According to the Foreclosure Unit, the notice should have specified that a response go to the address of the lender, and not the lender's attorney.

Consequently, plaintiff brings this motion to confirm the form of service of the notice of intention to submit proofs for entry of final judgment. No opposition has been filed.

First, we note that this foreclosure action was commenced following the enactment of the Fair Foreclosure Act, which took effect on December 4, 1995, and applies to foreclosure actions commenced on or after that date. The relevant portions of the Fair Foreclosure Act are printed below.

*N.J.S.A.* 2A:50-58(a)(1) provides in part:

[A] lender shall apply for entry of final judgment and provide the debtor with a notice, mailed at least 14 calendar days prior to the submission of proper proofs for entry of a foreclosure judgment, advising that, absent a response from the debtor pursuant to paragraph (2) of this subsection a., proper proofs will be submitted for entry of final judgment in the foreclosure action and that upon entry of final judgment, the debtor shall lose the right . . . to cure the default.

*N.J.S.A.* 2A:50-58(a)(2) states the following:

A debtor may, no later than 10 days after receipt of the notice required pursuant to subsection a. of this section, *mail to the lender* a statement in which the debtor in good faith certifies as true that there is a reasonable likelihood that the debtor will be able to provide payment necessary to cure the default within 45 days of the date the notice required pursuant to paragraph (1) of this subsection a. became effective. (emphasis added). This statement shall be sent registered or certified mail, return receipt requested, to the address of the lender who gave notice as required pursuant to subsection a. of this section.

[emphasis added.]

We find that although the statute states that the response is to be mailed to the lender, the response should more appropriately be sent to counsel for the lender. Principles of agency and efficiency mandate this result.

The legislature could not have intended to abrogate agency principles. There is no dispute that plaintiff's attorneys are clearly plaintiff's agents for purposes of the foreclosure action and notice to the attorney is equivalent to notice to the lender. *N.J.S.A.* 2A:50-58(a)(1) states that "a lender shall apply for entry of final judgment. . . ." Obviously, the lender itself cannot apply

for the entry of final judgment because it is a corporation and New Jersey Law prohibits a corporation from representing itself in the Superior Court of New Jersey. Thus, a literal interpretation by the Foreclosure Unit would prohibit corporate lenders from applying for the entry of final judgment. The legislature clearly did not intend this result. Similarly, it did not intend that only the lender, and not its attorneys, could receive the good faith response from the debtor.

Furthermore, a literal interpretation would inhibit the common goal of efficiency and fairness in foreclosure proceedings. A law dictating the debtor's response be sent to the lender would require numerous additional communications between the lender and its counsel, including the preparation of a certification of non-receipt and follow-up communications to obtain plaintiff's signature, and makes more likely the possibility that the response will be misplaced and/or not received by the appropriate processor employed by the lender. Such a law places an unfair burden on the lender.

For the foregoing reasons, we hold that the good faith response by a debtor shall be sent to the lender's counsel, and not to the lender itself.